IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLES V. MONTALBANO** | * |
| Plaintiff, | * |
| v. | *  Case No.: RWT 10cv2237 |
| **NATIONAL ARBITRATION FORUM, LLC.** *et al.* | * |
| Defendants | * |

## MEMORANDUM OPINION

On August 13, 2010, Plaintiff, proceeding *pro se*, filed a suit against multiple Defendants, claiming that the Defendants were engaged in a fraudulent arbitration scheme.  Compl. Specifically, Plaintiff alleges violations under the Racketeer Influenced and Corrupt Orangizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq. Id.* ¶¶ 22-23.  Plaintiff seeks over $3,000,000.00 in compensatory and punitive damages.  *Id.* ¶ 127-28.

The Defendants filed separate motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim, ECF Nos. 57, 59, 76, to which Plaintiff responded on November 28, 2011.  ECF Nos. 67, 68.  Also on November 28, 2011, Plaintiff filed a Motion for Leave of Court to Amend Complaint.  ECF No. 70.  For the reasons discussed below, this Court will deny Plaintiff's motion for leave to amend the complaint and grant Defendants' motion to dismiss for failure to state a claim.

**I**     **Background**

Plaintiff's claims arise out of an arbitration award that was entered against him in favor of Defendant MBNA America Bank, N.A., on June 21, 2005, which was confirmed by a

1

judgment in the Circuit Court for Montgomery County, Maryland on March 28, 2006. *See* ECF No. 19, Ex 1. Subsequently, Plaintiff brought the instant action against all the parties involved in the arbitration proceeding, claiming that the creditor, arbitrator, law firms, and lawyers were perpetuating a fraudulent arbitration scheme in violation of RICO and the FDCPA. *See* Compl.

On November 30, 2010, this case was transferred to the District of Minnesota for inclusion in a Multidistrict Litigation (MDL). ECF No. 44. While pending in the MDL, this Court entered an order administratively closing this action on December 2, 2010. ECF No. 45. Subsequently, the instant case was remanded back to this Court on October 26, 2011, after several parties in the MDL settled their claims. ECF No. 55.

On November 7, 2011, Defendants Mann Bracken, LLP and Jennifer Anthony filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, ECF No. 57, and Defendants Laurence C. Abramson, Ronald M. Abramson, Ronald S. Canter, and Harry K. Wolpoff also filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim on November 10, 2011.[1] ECF No. 59. Both sets of Defendants contend that the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over Plaintiff's Complaint. The Defendants also contend that the Complaint should be dismissed because the Complaint fails to supply the requisite supporting detail needed to satisfy the pleading standard for RICO and FDCPA claims. Plaintiff, in opposing the motions to dismiss, maintains that the Complaint was facially valid and that his pro se status affords him greater leeway in pleading.

---

[1] Defendants MBNA America Bank, N.A., and Bank of America filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 76. Plaintiff has not filed a response to to these particular motions.

*See* ECF Nos. 67, 68.[2]

On November 26, 2011, Plaintiff filed a Motion for Leave of Court to Amend Complaint, ECF No. 70, to which the Defendants filed separate responses in opposition. ECF Nos. 67, 68. Plaintiff has filed several other motions, including a Motion for Leave of Court to Make Electronic Filings, ECF No. 71, and a Motion for a Reasonable Extension of Time. ECF No. 69. Additionally, Plaintiff filed a Motion for a Pretrial Conference, ECF No. 82, and a Motion for an Extension of Time to Reply to Oppositions to Pretrial Conference Motion. ECF No. 88.

## II.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Initially, Defendants move to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that this Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of whether a court has the authority to hear and decide a case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A court may grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Id.* (citations omitted). "In a Rule 12(b)(1) motion, the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quotation omitted). When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.3d 765, 768 (4th Cir. 1991).

Under the *Rooker-Feldman* doctrine, federal district courts generally lack subject matter

---

[2] Defendants Mann Bracken, LLP and Jennifer Anthony filed a reply on December 15, 2011. ECF No. 78.

jurisdiction to review state court judgments. *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker-Feldman* doctrine does not, however, preclude a "district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction . . . ." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005); *see also GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) ("The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party?").

Here, the *Rooker-Feldman* doctrine does not apply to Plaintiff's claim. The purpose of the state court action was to enforce the arbitration award, not to determine whether the Defendants were engaged in a fraudulent arbitration enterprise. Plaintiff does not seek to overturn the state court judgment in the case at bar; rather, Plaintiff alleges claims independent of the state court judgment. Therefore, the *Rooker-Feldman* doctrine does not preclude review in this court, and Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### III    Motion to Dimiss for Failure to State a Claim Pursuant to Rule 12(b)(6)

Defendants also maintain that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief." *Id.* at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

  **A.** **The RICO Claim**

Plaintiff first alleges a right to relief under the civil RICO statute. In order for a RICO

claim to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). Plaintiffs must allege each of these elements in order to state a claim. *Id*. Moreover, civil RICO claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *See Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir.1989) (citations omitted). Under Rule 9(b), "a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Indeed, "[p]articularity of pleading is required with regard to the time, place, speaker and contents of the allegedly false statement, as well as the manner in which the statements are false and the specific facts raising an inference of fraud." *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 570 (D. Md. 2005).

Here, Plaintiff fails to plead sufficient factual detail to support his RICO claim. Plaintiff makes several conclusory assertions, including claims that Defendants engaged in mail and wire fraud "daily", Compl. at ¶ 70-72, that the Defendants "engage[d] in a pattern of racketeering," *id*. at ¶ 40, and that the Defendants "had an unholy alliance." *Id*. at ¶ 24. Such allegations wholly lack the required particularity and factual detail that would permit an inference of a right to relief. Plaintiff has failed to allege any facts that demonstrate when the alleged racketeering activity occurred, what other victims were harmed, or any particulars regarding the allegedly fraudulent enterprise. The Court recognizes that complaints filed by pro se plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). However, even accepting the allegations in the Complaint as true, and construing factual allegations in the light most favorable to Plaintiff, it is clear that Plaintiff has failed to meet Rule 9(b)'s heightened pleading standard. Accordingly, Defendants' motion

to dismiss for failure to state a claim will be granted for the RICO claim.

### B. The FDCPA Claim

Plaintiff also alleges that Defendants violated several provisions of the FDCPA. Compl. ¶¶ 23, 108-112. Under the FDCPA, debt collectors are prohibited from using abusive practices to collect consumer debt. *See Rawlinson v. Law Office of William M. Rudow, LLC*, 460 Fed.Appx. 254, 256 (4th Cir. 2012). Plaintiffs must bring a FDCPA claim within one year from the date on which the violation occurred, 15 U.S.C. § 1692k(d), and plaintiffs must demonstrate that the debt at issue is a "consumer debt" in order to state a valid claim. *See Boosahda v. Providence Dane LLC*, 462 Fed.Appx. 331, 355-56 (4th Cir. 2012).

Here, Plaintiff fails to plead a valid FDCPA claim. Plaintiff has asserted no facts showing that Plaintiff's debt is a consumer debt. Also, Plaintiff's claim arises out of Defendants' debt collection actions which were resolved by a final judgment in 2006. Because Plaintiff did not file his complaint until 2010, the FDCPA claim is time barred under the one year statute of limitations.[3] *See* 15 U.S.C. § 1692k(d). Moreover, Plaintiff's allegations are devoid of factual details. Plaintiff alleges in conclusory terms that Defendants routinely evaded their validation duties and asserts that Defendants used "the rubber stamp [and] boilerplate verifications" in order to create false impressions during the debt collection process. *Id*. ¶¶ 108-11. Plaintiff's claim, however, merely recites elements of an FDCPA claim and alleges no facts surrounding any of the events that supposedly give rise to Plaintiff's specific cause of action.

Therefore, Plaintiff has failed to demonstrate a plausible right to relief under the FDCPA and the motion to dismiss for failure to state a claim is granted.

---

[3] Indeed, Plaintiff concedes that the FDCPA claim is time barred, arguing instead that these allegations of FDCPA violations serve as predicate acts for his RICO claim. ECF No. 68 at ¶ 4(d).

### VI.  Motion for Leave of Court to Amend the Complaint Pursuant to Rule 15(a)

Lastly, Plaintiff's claim cannot be saved by amending the complaint. Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." *Id.* Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006). Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990); *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005).

In the instant case, the Court finds that that the proposed amendments are futile. Plaintiff, who already amended his complaint,[4] presently seeks leave to amend his complaint because "the outlining of [a] fraudulent scheme has been plausibly pleaded within the meaning of the liberal construction of the racketeering statute and the debt collection statute [and] . . . the complaint is capable of amendment to state a claim, particularly if leave of discovery is granted." ECF No. 70. Because the proposed amendment to the complaint is a futile one, the Court will deny Plaintiff's Motion for Leave of Court to Amend Complaint.

### V.  Conclusion

For the reasons discussed above, Plaintiff's Complaint will be dismissed with prejudice.

---

[4] On November, 3, 2010, Plaintiff filed his timely Brief for the Amended Civil Complaint. ECF No. 35. Again, on November 30, 2010, Plaintiff filed an additional Amended Civil Complaint. ECF No. 43. The Court directed the Clerk to strike Plaintiff's Amended Civil Complaint on November 7, 2011. ECF No. 56.

Accordingly, Plaintiff's outstanding motions for Pretrial Conference, ECF No. 82, for Extension of Time to Reply to Oppositions to Pretrial Conference Motion, ECF No. 88, for Leave of Court to Make Electronic Filings, ECF No. 71, and for a Reasonable Extension of Time, ECF No. 69, will be dismissed as moot.  A separate order follows.


<u>August 2, 2012</u>                                                                    <u>        /s/                                          </u>
Date                                                                                          Roger W. Titus
                                                                                                   United States District Judge